UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN WIGGINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00675-TWP-TAB |
| ) | |
| GEO GROUP, INC., ) | |
| MARK SEVIER, ) | |
| CENTURION HEALTH, ) | |
| SWEENY, ) | |
| THALMAN, ) | |
| SHAW, ) | |
| HACKMAN, ) | |
| SIZEMORE, ) | |
| BEVANS, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

This matter is before the Court for screening of Plaintiff Justin Wigginton's ("Wigginton") Complaint. (Dkt. 1). Wigginton is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action in state court and defendant Centurion Health removed the case to federal court. Because Wigginton is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint makes the following allegations against nine defendants: GEO Group, Inc. (GEO), Mark Sevier, Centurion Health (Centurion), Officer Sweeny, Officer Thalman, Sgt. Shaw, Sgt. Hackman, Sgt. Sizemore, and Bevans. Wigginton has vasculitis, an autoimmune disease that can be fatal if untreated. On January 9, 2024, while walking in a hallway his legs gave out and he collapsed. Officer Sweeny refused to signal a medical emergency. Instead, she called other correctional officers—Officer Thalman, Sgt. Shaw, Sgt. Hackman, and Sgt. Sizemore. These defendants decided Wigginton did not require medical attention and told him to return to his pod even if he had to crawl there. Wigginton seeks monetary damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against GEO and Centurion are **dismissed** for failure to state a claim. These entities "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional … policies or customs." *Simpson v. Brown County*, 860 F.3d 1001,

1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). The complaint does not allege that Wigginton suffered any constitutional deprivation caused by a policy or custom of GEO or Centurion.

Second, all claims against Mark Sevier and Bevans are **dismissed** for failure to state a claim. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). The complaint does not allege that either defendant Sevier or Bevans were personally involved in the alleged constitutional deprivation.

Third, Wigginton's Eighth Amendment deliberate indifference claim shall proceed against Officer Sweeny, Officer Thalman, Sgt. Shaw, Sgt. Hackman, and Sgt. Sizemore. This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2024,** in which to identify those claims.

The **clerk is directed** to terminate GEO, Centurion, Sevier, and Bevans as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendants Sweeny, Thalman, Shaw, Hackman, and Sizemore in the manner specified by Rule 4(d). Process

shall consist of the complaint (dkt. [1-2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN WIGGINTON
293280
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Robert C. Brandt
RILEY BENNETT EGLOFF LLP
rbrandt@rbelaw.com

Beau Browning
Riley Bennett Egloff LLP
bbrowning@rbelaw.com

Officer Sweeny
NEW CASTLE CORRECTIONAL FACILITY - Employee
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Officer Thalman
NEW CASTLE CORRECTIONAL FACILITY - Employee
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Sgt. Shaw
NEW CASTLE CORRECTIONAL FACILITY - Employee
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Sgt. Hackman
NEW CASTLE CORRECTIONAL FACILITY - Employee
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Sgt. Sizemore
NEW CASTLE CORRECTIONAL FACILITY - Employee
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Courtesy copy to:

**Adam Garth Forrest**
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374